FRANK MUNCHOW, Appellant, v. MAGGIE MUNCHOW, Respondent.

St. Louis Court of Appeals, January 10, 1899.

Divorce: CONFLICTING EVIDENCE. In the case at bar, the evidence is very conflicting and this court will defer to the findings of the trial court.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

J. E. and J. F. MERRYMAN for appellant.

In utterly ignoring the opinion of this court in Jones v. Jones, 55 Mo. App. 523, where "Respondent left the home of her husband for the full statutory period, not for want of support, or any indignity inflicted by her husband, but in substance because his mother lived in the same house;" and where this court held that: "If a husband sees fit to

invite members of his family to live with him, his wife has no right to leave his home on that account;" and for dismissing the bill on the authority of Spengler v. Spengler, 38 Mo. App. 266, the court below erred. * * * Under such a state of facts it is error to hold that the respondent "is justified to leave his (appellant's) abode, and remain away from him until he is willing to provide a home for her consonant with his means, and in a place where the defendant can live peaceably with him." Under the law and the evidence appellant is not required to move one half block away from his residence because it adjoins that of his mother, nor is his refusal a justification for respondent's desertion. Nor is he required to deed to respondent a flat, valued at $5,300, as a condition precedent for her return to live with him as his wife. Placing pins, needles and scissors in the door leading from the bed room of the husband and wife to the parlor of the old residence, for the purpose of finding out whether appellant, in respondent's absence, entered the parlor, and was improperly intimate with his mother, was *per se* an indignity. Lewis v. Lewis, 5 Mo. 278; Hooper v. Hooper, 19 Mo. 356; Miller v. Miller, 14 Mo. App. 420.

CORNELIUS F. BAUER for respondent.

A wife who leaves her husband with his consent because of torment and insult suffered from his relations living with him, is not bound to return to him, unless he requests her to do so, and assures her of protection from the continuance of the wrong. Spengler v. Spengler, 38 Mo. App. 266. Even if urged to return to him at his mother's house, she would not have been required to do so. Powell v. Powell, 29 Vt. 148. A separation caused by indignities of the husband to the wife, and which he does not seek to terminate by making reparation or otherwise, is presumed to have

been, and to continue with his consent. Dwyer v. Dwyer, 16 Mo. App. 422. And where the separation of the wife from her husband is with his consent, it furnishes no ground for divorce. Simpson v. Simpson, 31 Mo. 24. The conduct ·of the husband may be such as to justify a wife in leaving him, though it might not entitle her to a divorce. Gillinwaters v. Gillinwaters, 28 Mo. 60; Neff v. Neff, 20 Mo. App. 182. If the parties voluntarily cohabit with each ·other after the wrong done, such cohabitation is a condonation of the offense. Froyman v. Froyman, 27 Mo. 383. One or two acts of indignity are not sufficient to warrant a decree. Kempf v. Kempf, 34 Mo. 211. The court is bound to look into the conduct of both husband and wife, and if the party seeking a divorce has been guilty of conduct, that would entitle the other party to one, the petitioner must fail. Hoffman v. Hoffman, 43 Mo. 547.

BIGGS, J.—This is an action of divorce. The charges are indignities and desertion. The answer is a general denial. The issues were found for the defendant and the bill was dismissed. The plaintiff has appealed. He urges that the findings of the circuit court are against the weight of the evidence.

The most serious charge is unproved. It is too base for publication. The plaintiff testified that the defendant made the accusation. The defendant denied this. She stated that a few days prior to the separation the plaintiff confessed his guilt to her, and that she had not told it to any one. There is no proof that she did. It appears from a written memorandum that the circuit court was of the opinion that the plaintiff did make the confession, but that at the time (and since) he was so much disturbed mentally that he said and did things which he did not appreciate. The conclusion of the court as to the question must be sustained.

The second charge is of a character similar to the first, and has reference to it. The testimony shows that plaintiff and defendant occupied a portion of a house which belonged to plaintiff's mother. The mother lived in the other portion. There is a door leading from one compartment to the other. When the defendant would leave during the day she would place pins under the door leading into the other portion of the house in order that she might know whether her rooms were entered during her absence through that door. The plaintiff testified that she told him that she did it for the purpose of obtaining evidence against him as to the first charge. The defendant testified that she had good reason to believe that some one was in the habit of unlocking that door during her absence and that she placed the pins on the door-sill in order to satisfy herself that she was not mistaken, and not for the purpose of obtaining evidence against the plaintiff. We must likewise sustain the ruling of the circuit court as to this charge.

The plaintiff and defendant were married May 21, 1895. The defendant left plaintiff's bed and board on June 19, 1896. This action was commenced September 17, 1897. The desertion is informally pleaded, but we deem the petition sufficient. The plaintiff says that he at all times treated the defendant with kindness and affection, but notwithstanding this, she left him and remained away, although often requested by plaintiff to return. This was in effect a charge that defendant left without a just cause. The only question is whether the defendant was justified in leaving the plaintiff. The substance of the defendant's testimony is, that during her married life the plaintiff's mother was unkind to her; that on the day she left her mother-in-law cursed her and ordered her to leave the house; that this occurred in the presence of her husband and without protest from him, and that she thereupon packed her trunk and went to her mother's home. As to these matters the defendant is cor-

roborated by a disinterested witness, and plaintiff's counsel candidly states that in all probability the testimony of the defendant is true. He pleads in justification of the plaintiff's and mother's conduct the grave charges which plaintiff claimed that defendant had made against him and his mother. The circuit court, however, found that the defendant made no such charges, and as we must affirm these findings, it follows that the attempted justification fails. The defendant testified that before she left plaintiff's home and several times afterwards, she offered to live with him if he would either rent or buy them a house separate from his mother, and that the plaintiff failed and refused to do so, although he was a man of some wealth; and the defendant stated at the trial that she was then willing to resume marital relations with plaintiff if he would comply with these conditions. On the other hand the plaintiff testified that he offered to rent a house in any locality that defendant might choose, provided it was not too expensive or too far from his place of business, provided she would live with him, and that she refused. He was asked by the court at the trial if he was then willing to do so, and he replied that he was not. The evidence as to overtures of peace and reconciliation is very conflicting, but as the defendant manifested a willingness at the trial to resume her marital duties upon conditions which we deem reasonable under the evidence (Spengler v. Spengler, 38 Mo. App. 266), and the plaintiff refused to comply, we are inclined to the opinion that the circuit court was likewise right on this branch of the case.

With the concurrence of the other judges the judgment of the circuit court will be affirmed. It is so ordered.